

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

JESSICA KNIGHT on Behalf of        *
Herself and Others Similarly Situated
   **PLAINTIFF**                    *        **CIVIL ACTION**

         v.                         *        **FILE NO:**

HENRY J. HALL, D.V.M., P.C.         *        SC 16 CV 24
d.b.a NORTHSIDE ANIMAL
HOSPITAL AND HENRY JOSEPH           *        Jury Trial Demanded
HALL, INDIVIDUALLY,
   **DEFENDANTS**                   *

## COMPLAINT

COMES NOW Jessica Knight, on behalf of herself and others similarly situated,

hereinafter designated and referred to as "Plaintiff", and brings this her action as against Henry J.

Hall, D.V.M., P.C. d.b.a. Northside Animal Hospital and  Henry Joseph Hall hereinafter

designated and referred to as "Northside," "Hall"  or "Defendant/s" and for cause respectfully

shows as follows:

GEORGIA, MUSCOGEE COUNTY
SUPERIOR STATE COURT
FILED IN OFFICE

JAN 1 3 2016

DEPUTY CLERK
MELINDA PIERCE, CLERK

### NATURE OF COMPLAINT

1.

Plaintiff Jessica Knight ("Plaintiff"), individually and on behalf of all others similarly

situated, by her undersigned counsel, allege the following upon personal knowledge as to her

own acts and, as to all other allegations, upon information and belief and investigation by

counsel, including a review of publicly available documents.

2.

Plaintiff brings this action pursuant to Section 16(b) of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 2201, et seq., ("FLSA") for unpaid wages, unpaid overtime

compensation, prejudgment interest, liquidated damages, attorney's fees, and costs and **Rule 23 of FRCP**.

3.

Plaintiff is a true Plaintiff, which Defendants have failed to compensate for all hours worked in excess of forty (40) hours each work week at one and a half times her regular rate of pay.

## JURISDICTION

4.

A Federal District Court of competent jurisdiction has subject matter jurisdiction over the present action under Article III § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. §216(b) because this case arises under the FLSA, a federal statute that, though affecting interstate commerce, it is properly actionable in this Court as it is a Court of competent jurisdiction as contemplated by 29 U.S.C. §216(b) and within the rubric of Kay v. Kuhlman, 68 Ga. App. 258.

## VENUE

5.

Venue properly lies in the State Court of Muscogee County, Georgia. Defendants maintain operating facilities herein; and all the events giving rise to the claims herein occurred in Muscogee County, Georgia.

## PARTIES

6.

The Plaintiff in this case is a female citizen of the United States and the State of Georgia. For the purposes of this action, she submits herself to the jurisdiction of the Court.

7.

Henry J. Hall, D.V.M., P.C is a domestic professional corporation that has its principal place of business located at 5360 Veterans Parkway, Columbus, GA 31904 and Henry Joseph Hall, its Registered Agent for service of process, may be served at that address on behalf of the corporation and individually.

## NATURE OF THE PROPOSED CLASS

8.

Plaintiff brings this class action on behalf of herself and a class of persons ("Class Members") easily ascertainable who were employed by Defendant within the last three years from the date of the filing of this Complaint (the "Class Period") in positions that Defendant used the instrumentality of "comp time" with respect to hours worked and overtime time compensation in violation of the overtime requirements of the FLSA.

9.

Plaintiff is a good representative of the class in that her story of interaction and employment with Defendants is typical of members of the class.

## CLASS ALLEGATIONS

10.

Plaintiffs bring this action on their own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek certification of the following Class:

All persons employed by Defendants during the preceding 36 month period that were not compensated for overtime but were instead designated "comp time" by Defendants for work performed over and above 40 hours per week, some or most of, which was performed outside of Defendants otherwise 'normal business hours', or with the knowledge and

direction of Defendants, on, or off Defendants physical location.

11.

Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, would be impractical.

12.

This action involves questions of law and fact common to Plaintiff and all members of the Class, which include:

(a) Whether Defendants improperly, for purposes of remuneration under the Fair Labor Standards Act, established the instrumentality of "comp. time" in order to avoid paying overtime at the statutory rate of one and a half times the normal rate of pay for all hours worked over 40 in a week.

(b) Whether Defendants acted in a manner intentionally designed to deprive Plaintiff and other Class Members of compensation to which they were entitled for overtime.

(c) Whether Plaintiff and Class Members sustained damages resulting from Defendants' conduct and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

13.

Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interest adverse to or that directly conflicts with the interests of the other members of the Class.

14.

Plaintiff has engaged the services of counsel, who is experienced in employment

litigation, who will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and the Class Members.

15.

Plaintiff's claims are typical of those of the other Class Members because Plaintiff and the Class Members each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein.

16.

This action is brought under Rule 23 because Defendants have acted on grounds generally applicable to all members of the Class.

17.

Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

18.

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## CONSOLIDATED FACTS & THEORIES OF RECOVERY

19.

Representative Plaintiff was employed by Northside & Hall for approximately one and a half months.

20.

On July 6, 2015, Representative Plaintiff resigned her employment with Northside & Hall as a result of nonpayment for overtime worked.

21.

This action has been brought 190 days after the employment ended.

22.

One Hundred and Ninety (190) days is approximately twenty-seven (27) weeks; less that period, there remain 23 weeks of a 50 week work year.

23.

This action seeks to recover unpaid overtime for the remaining two years, 23 weeks left on Plaintiff's right to a statutory recovery, which includes liquidated damages, going back three years due to Northside and Hall's willful, knowledgeable, and intentional violation of the FLSA.

24.

It was the policy of Northside and Hall to deliberately avoid overtime through the instrumentality of "comp. time," a device not available to Defendants.

25.

However, Northside and Hall directed each employee to record all time such that records are readily available to determine overtime which Plaintiff and others similarly situated were entitled but not paid.

26.

For the reasons set forth below based on facts and personal knowledge, Plaintiff believes that her situation as being allocated "comp time"- repeats itself with every Northside & Hall employee – all of them.

27.

For purposes of the baseline calculations in this case, Plaintiff Knight is initially basing her calculations figures on her monthly pay of $1280.00.

28.

Assuming that she worked 40 hours per week, 4 weeks out of the month, Plaintiff would have worked 160 hours per month.

29.

These 160 hours are divided into our $1280.00 monthly pay figure to arrive at an hourly rate of $8 per hour.

30.

Time and a half for hours worked in excess of 40 hours per week would have to be compensated at the rate of time and a half, per the FLSA.

31.

Thus, application of the $8/hr. base rate and half of that rate, $4, added to the $8 equals a total overtime rate of $12/hr.

32.

Plaintiff estimates, for purposes of this action, that she spent a minimum of 2 hours each week working over the normal forty hour work week, every week, for the approximate month and a half of her employment with Northside & Hall.

33.

Representative Plaintiff considers 3 years, per statute, because of Defendants' scienter in violating the FLSA, as evidenced by facts set out herein above, supra; Plaintiff has an actionable period of 2 years and 161 days.

34.

As above, Plaintiff asserts a 50 week work year of 40 hours per week as normal and not triggering the FLSA overtime provisions for non-exempt employees.

35.

Six (6) weeks (for the month and a half worked) of 2 hours per week of uncompensated overtime at an alleged rate of $12 an hour which results in $144.

36.

This formula is expressed as:

6 wks. (2 hours x $12 an hour)   $144.00 in unpaid actionable overtime for Plaintiff Knight.

37.

Liquidated damages under FLSA doubles that amount:

2 x $144.00   $288.00.

38.

Other class members can have their unpaid actionable overtime calculated in the same manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendants as follows:

     A. An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

     B. Restitution to Plaintiff and Class Members;

     C. Actual damages and liquidated damages for injuries suffered by Plaintiff and Class Members;

     D. An order declaring the alleged acts and practices of Defendants to constitute a violation of the Fair Labor Standards Act;

E.  A permanent or final injunction enjoining Defendants, Defendants' agents and employees, affiliates and subsidiaries from continuing to harm Plaintiff and members of the Class in the manner set out herein above;

F.  An Order requiring Defendants to adopt a policy that does not provide "comp. time" to avoid paying time and a half for overtime as required under the FLSA;

G.  Reasonable attorney's fees and costs of this action;

H.  Statutory pre-judgment interest;

I.  That Summons issue and Defendants be served as by law provided;

J.  That Plaintiff be awarded judgment in her favor with respect to all contentions in this Complaint; and

K.  Such other and further relief as the Court may deem just and proper.

This 13th day of January, 2016.

Heather L. Champion
Attorney for Plaintiff
Georgia Bar No: 683572

Heather L. Champion, P.C.
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 323-5353
(706) 323-0600 fax
heather@hlchampionlaw.com

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 12ᵗʰ day of _January_ 20 16.

_(signature)_

JESSICA KNIGHT

Sworn to and subscribed before me

this 12ᵗʰ day of _January_ 20 16.

_(signature)_

**Notary Public, State of Georgia**
My commission expires: 12/18/17

HEATHER L. CHAMPION
NOTARY
MY COMM. EXPIRES
DEC. 18, 2017
PUBLIC
MUSCOGEE COUNTY GEORGIA

Civil Action No. _____

Date Filed _____

Attorney's Address _____

_____

_____

_____

Name and Address of Party to be Served

_____

_____

_____

_____

_____

Superior Court ☐

State Court ☐

Georgia, MUSCOGEE COUNTY

_____
Plaintiff

VS.

_____

_____
Defendant

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County _____

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20____.

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

MUSCOGEE COUNTY, GEORGIA

WHITE: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant

SC-2 Rev.85

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

JESSICA KNIGHT on Behalf of
Herself and Others Similarly Situated
PLAINTIFF

v.

HENRY J. HALL, D.V.M., P.C.
d.b.a NORTHSIDE ANIMAL
HOSPITAL AND HENRY JOSEPH
HALL, INDIVIDUALLY,
DEFENDANTS

CIVIL ACTION

FILE NO:
SC-16-CV-34

Jury Trial Demanded

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Heather L. Champion
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 13th day of January, 2016.

Clerk of State Court

By _____
Deputy Clerk

MUSCOGEE COUNTY
FILED IN CLERK'S COURT
JAN 13 2016
DEPUTY CLERK
PIERCE, CLERK